# United States Court of Appeals for the Fifth Circuit

_____

No. 24-40825
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lacandreal Shokitra Jackson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-10-3

_____

Before Haynes, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Lacandreal Shokitra Jackson pleaded guilty to conspiracy to commit wire fraud, arising out of a scheme to defraud using factual misrepresentations to obtain funding under the Paycheck Protection Program, authorized in the Coronavirus Aid, Relief, and Economic Security

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Act.  The district court sentenced Jackson to 70 months in prison and three years of supervised release and ordered her to pay $2,083,200 in restitution.

Jackson argues, for the first time on appeal, that the district court erred in calculating the amount of loss.  As she concedes, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

"The district court receives wide latitude to determine the amount of loss and should make a reasonable estimate based on available information."  *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007).  A district court may rely on information in the Presentence Report (PSR) to determine loss, "so long as that information bears some indicia of reliability."  *United States v. King*, 93 F.4th 845, 852 (5th Cir. 2024) (internal quotation marks and citation omitted).  Jackson has not presented any evidence that rebuts the PSR as to the loss amounts, which the PSR determined using conservative figures.  *See States v. De Nieto*, 922 F.3d 669, 676 (5th Cir. 2019).  Further, she fails to demonstrate any plain error in the district court's methodology.  Accordingly, her challenge on this issue fails.  *See United States v. Danhach*, 815 F.3d 228, 238 (5th Cir. 2016).

Jackson also challenges the restitution ordered pursuant to the Mandatory Victim Restitution Act (MVRA).  *See Puckett*, 556 U.S. at 135.  "The MVRA limits restitution to the actual loss directly and proximately caused by the defendant's offense of conviction."  *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012).  However, contrary to Jackson's argument, the district court is permitted to make reasonable estimates of actual loss based on the record when the exact amount of actual loss is unclear.  *See King*, 93 F.4th at 851.  As with loss for guidelines offense level purposes, the credible evidence shows that the amount of loss for restitution is a conservative estimate of the actual loss caused by Jackson's offense.  Jackson

2

shows no error under any standard. *See United States v. Sepulveda*, 64 F.4th 700, 712-13 (5th Cir. 2023).

Finally, Jackson argues that the district court erred in imposing the two-level mass-marketing enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(ii). We review the district court's factual findings for clear error and its interpretation of the Guidelines de novo. *United States v. Mauskar*, 557 F.3d 219, 232 (5th Cir. 2009). In overruling Jackson's objection to the enhancement, the district court found that she had admitted to sharing an advertisement on her Facebook page and that this furthered her fraudulent scheme. Based on the record, Jackson has not shown that the district court erred. *See id.* at 232-33; *United States v. Serfass*, 684 F.3d 548, 553 (5th Cir. 2012).

AFFIRMED.